[Cite as *Young v. Franklin Cty. Treasurer*, 2026-Ohio-2621.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael J. Young, Trustee, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-826 |
| v. | : | (C.P.C. No. 25CV-5888) |
| Franklin County Treasurer et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on July 9, 2026

**On brief:** *Michael J. Young*, pro se. **Argued:** *Michael J. Young*.

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Charles R. Ellis*, for appellees. **Argued:** *Charles R. Ellis*.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Plaintiff-appellant, Michael J. Young, pro se, appeals from a judgment of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss filed by defendants-appellees, Franklin County Treasurer (individually "treasurer") and Franklin County (individually "county").

## I. Facts and Procedural History

{¶ 2} On July 11, 2025, appellant filed a complaint against appellees alleging the following facts. In 2009, Nelnet, Inc. ("Nelnet") acquired a tax lien certificate on a parcel of Franklin County property. After initiating foreclosure proceedings, Nelnet assigned its interest to Municipal Tax Property LLC, which thereafter ceased pursuing enforcement of

the tax lien certificate.  On May 11, 2018, appellant transferred his interest in the subject property to Plaza East, Inc. ("Plaza East"), a corporation wholly owned by appellant.

{¶ 3}  Beginning in 2018, appellant repeatedly contacted the treasurer's office to request removal of the tax lien certificate language from the property's tax bills on the basis that the tax lien certificate had expired.  The treasurer's office, however, refused to remove the tax lien certificate information from its records and continued reporting it to title insurers.

{¶ 4}  On November 22, 2024, Plaza East entered into a real estate purchase contract to sell the subject parcel to another corporation, but the transaction failed to close after a title agency refused to insure title due to the outstanding tax lien certificate on the property.  Appellant subsequently filed an action for declaratory judgment in the Franklin County Court of Common Pleas on January 31, 2025, seeking to have the certificate declared expired and void.  According to the complaint, the trial court issued an order on March 24, 2025, declaring the tax lien certificate expired and void.

{¶ 5}  Appellant's complaint requested that appellees "be found liable for . . . gross and deliberate misconduct" and be ordered to pay compensatory damages in the amount of $325,000 for losses resulting from the failed sale, as well as punitive damages of $500,000.  (Compl. at 4.)

{¶ 6}  On August 30, 2025, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6).  On September 9, 2025, appellant filed a memorandum contra appellees' motion to dismiss.

{¶ 7}  By decision filed on September 30, 2025, the trial court granted appellees' motion to dismiss.  In its decision, the trial court found appellant failed to adequately plead "operative facts sufficient to give [appellees] fair notice of the nature of . . . whatever tortious action he's pursuing."  (Sept. 30, 2025 Decision & Entry at 3.)   The court additionally determined appellees were statutorily immune from liability under R.C. Chapter 2744.

## II.  Assignments of Error

{¶ 8}  Appellant appeals and assigns the following two assignments of error for our review:

> [I.] THE FRANKLIN COUNTY COURT OF COMMON PLEAS
> ERRED IN GRANTING DEFENDANT FRANKLIN COUNTY
> TREASURER'S MOTION TO DISMISS ON THE BASIS THAT

PLAINTIFF DID NOT STATE A CLAIM FOR WHICH RELIEF COULD BE GRANTED AND DID NOT ADEQUATELY PLEAD FAIR NOTICE OF THE NATURE OF PLAINTIFF'S COMPLAINT.

[II.] THE FRANKLIN COUNTY COURT OF COMMON PLEAS ERRED IN GRANTING DEFENDANT FRANKLIN COUNTY TREASURER'S MOTION TO DISMISS ON THE BASIS THAT DEFENDANT IS IMMUNE FROM CLAIMS INCLUDING ANY TORT CLAIMS.

## III. Discussion

{¶ 9} Appellant's two assignments of error both challenge the trial court's dismissal of the complaint and will be addressed together. Appellant contends the trial court erred in granting appellees' motion to dismiss, arguing that the complaint (1) adequately stated a cognizable claim for relief and (2) alleged facts sufficient to defeat sovereign immunity.

{¶ 10} Under Ohio law, "[a] motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) is a procedural test of a complaint's sufficiency." *Hasan v. Franklin Cty. Medicaid Dept.*, 2026-Ohio-1728, ¶ 10 (10th Dist.), citing *Johnson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-4885, ¶ 12 (10th Dist.), citing *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 13 (10th Dist.). A trial court may grant a motion to dismiss a complaint, pursuant to Civ.R. 12(B)(6), " 'only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery.' " *Id.*, quoting *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11 (10th Dist.), citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In "resolving whether dismissal is appropriate, '[t]he court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff.' " *Id.*, quoting *Bullard* at ¶ 11. The trial court "is not required, however, to accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Id.*

{¶ 11} This court's review of a trial court's "grant of dismissal under Civ.R. 12(B)(6) [is] de novo." *Id.* at ¶ 11. Under such review, "an appellate court applies the same standard as the trial court." *Id.*, citing *Arnoff v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-5238, ¶ 11 (10th Dist.), citing *Neinast v. Ohio Expositions Comm.*, 2009-Ohio-4850, ¶ 5 (10th Dist.).

{¶ 12} As indicated above, the trial court granted appellees' motion to dismiss based on the court's determination that the complaint failed to state a claim upon which relief can

be granted and, alternatively, that appellees are entitled to statutory immunity under R.C. Chapter 2744 based on the allegations in the complaint. In addressing the first issue, the trial court held in part:

> Upon review of Plaintiff's complaint, Plaintiff asserts a general breach of duty claim against Defendant Franklin County Treasurer, and fails to state any claim against Defendant County of Franklin. In his response to Defendants' motion to dismiss, Plaintiff fails to further articulate what legal duty he pleads Defendant breached . . . .
>
> . . .
>
> It is clear Plaintiff seeks damages for Defendant Treasurer's breach of duty. However, Plaintiff fails to state what legal duty Defendant breached. Accordingly, the Court finds the Plaintiff has not adequately pleaded operative facts sufficient to give fair notice of the nature of . . . whatever tortious action he's pursuing.

(Sept. 30, 2025 Decision & Entry at 2-3.)

{¶ 13} With respect to the issue of political subdivision sovereign immunity, the trial court addressed the "three-tiered analysis" under R.C. Chapter 2744. (Sept. 30, 2025 Decision & Entry at 3.) In conducting that analysis, the court found, pursuant to R.C. 2744.02(A)(1), appellees were "entitled to an initial presumption of immunity for all tort claims." (Sept. 30, 2025 Decision & Entry at 3.) The trial court next determined that none of the exceptions to statutory immunity under R.C. 2744.02(B) were applicable, and therefore concluded "both the Treasurer and the County of Franklin are immun[e] from the underlying [cause] of action." (Sept. 30, 2025 Decision & Entry at 4.)

{¶ 14} Appellant initially challenges the trial court's determination that the complaint failed to state a claim for relief. Appellant maintains his complaint "set forth . . . details" and "credible facts" that "render[] the trial court's decision inaccurate and completely erroneous." (Appellant's Brief at 6.)

{¶ 15} This court has observed "Ohio is a notice-pleading state." *Sattelmyer v. Covidien, L.L.C.*, 2026-Ohio-1623, ¶ 18 (10th Dist.), citing *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 10. Civ.R. 8(A) states in part: "A pleading that sets forth a claim for relief . . . shall contain (1) a short and plain

statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."

{¶ 16} While a complaint "need not state with precision all elements that give rise to a legal basis for recovery, fair notice of the nature of the action must be provided." *Sattelmyer* at ¶ 19, citing *Bridge v. Park Natl. Bank*, 2003-Ohio-6932, ¶ 5 (10th Dist.). In order to "constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions." *Id.*, citing *Regulic v. Columbus*, 2022-Ohio-1034, ¶ 23 (10th Dist.). *See also Kanu v. Univ. of Cincinnati*, 2018-Ohio-4969, ¶ 10 (10th Dist.), citing *Rudd v. Ohio State Hwy. Patrol*, 2016-Ohio-8263, ¶ 11 (10th Dist.) ("court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint").

{¶ 17} A review of the complaint at issue supports the trial court's determination appellant "fails to state what legal duty" the treasurer breached. (Sept. 30, 2025 Decision & Entry at 3.) The complaint alleges generally that the treasurer is responsible "to collect real estate taxes . . . and perform collection services," and that the treasurer "can sell tax lien certificates for delinquent taxes to buyers of these certificates." (Compl. at 2.) It further alleges that, after a tax lien certificate on the subject property expired, the treasurer "refused to delete" the tax lien certificate information and "continued to report" this information to title insurers. (Compl. at 1.) The complaint also asserts that the treasurer and administration "disregarded [their] duties" with respect to "elimination of a 'Notice' " on the tax parcel and "the erroneous reporting" to title agencies, and that they "recklessly disregarded" attempts by appellant to have this erroneous information corrected. (Compl. at 4.)

{¶ 18} Turning to the legal sufficiency of the complaint, we note that while the complaint sets forth allegations regarding the treasurer's general tax-collection duties and alludes to certain statutory duties, the sole statutory provisions referenced are "[R.C.] 5721.37(A)(3) and (E)(1)." (Compl. at 2.) Neither of those provisions, however, imposes a duty on the treasurer to remove expired tax lien certificate information or to notify title

agencies of an expired tax lien certificate.[1]  Nor does the complaint identify any other statutory or common law duty imposing such obligations on the treasurer.  Similarly, the complaint's conclusory assertions that the treasurer, the county, or both "recklessly disregarded" appellant's attempts to correct the information and engaged in "gross and deliberate misconduct" fail to identify the legal basis (i.e., whether statutory or common law) for the alleged duty owed or breached.  *See, e.g., State ex rel. Sultaana v. Medcare Ambulance*, 2023-Ohio-3856, ¶ 42 (10th Dist.) (failure to allege "the existence of a legal duty with sufficient particularity to meet the minimal requirements of notice pleading" subjects the complaint "to dismissal for failing to state a claim upon which relief can be granted"); *Van Ligten v. Emergency Servs.*, 2012-Ohio-2994, ¶ 34 (10th Dist.), citing *State ex rel. Seikbert v. Wilkinson*, 1994-Ohio-39, ¶ 6 ("Unsupported conclusions in a complaint are not sufficient to withstand a motion to dismiss.").  Accordingly, the trial court did not err in granting appellees' motion to dismiss based on its determination the complaint failed to provide appellees fair notice of the nature of the alleged tortious conduct under which appellant sought relief.

{¶ 19} Further, even assuming the complaint sufficiently identified a cognizable legal claim (i.e., the tort or statutory cause of action relied upon), we find no error in the trial court's additional and alternative ground for granting appellees' motion to dismiss.  Specifically, based on the allegations in the complaint, appellees are entitled to the general grant of political subdivision immunity under R.C. 2744.02(A)(1), and none of the statutory exceptions in R.C. 2744.02(B) apply to expose them to liability.

{¶ 20} Under Ohio law, "[d]etermining whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744 involves a three-tiered analysis."  *Colbert v. Cleveland*, 2003-Ohio-3319, ¶ 7, citing *Greene Cty. Agricultural Soc. v. Liming*, 2000-Ohio-486, ¶ 25.  The first tier of the analysis implicates "the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function."  *Id.*, citing *Liming* at ¶ 25; R.C. 2744.02(A)(1).

---

[1] R.C. 5721.37(A)(3) obligates the treasurer to send a notice to "the certificate holder" when an exemption application is filed and, once a "determination" has been made, to "notify the certificate holder of the determination" of that application.  R.C. 5721.37(E)(1) provides for cancellation of a certificate holder's lien if certain conditions are not met within specified timeframes.

{¶ 21} Such immunity, however, "is not absolute," and "[t]he second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability." *Id*. at ¶ 7-8, citing *Cater v. Cleveland*, 1998-Ohio-421, ¶ 15; R.C. 2744.02(B).  In the event "any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability." *Id*. at ¶ 9.

{¶ 22} Under R.C. 2744.01(F), a political subdivision is defined to mean "a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state."  This court has previously observed "the Franklin County Treasurer" is a "political subdivision[] engaged in governmental functions." *Marshall v. Franklin Cty. Treasurer*, 2025-Ohio-1147, ¶ 9 (10th Dist.).  In this respect, "[a] governmental function includes any 'function that the general assembly mandates a political subdivision to perform.' " *Id*., quoting R.C. 2744.01(C)(2)(x).

{¶ 23}  Regarding the first tier, R.C. 2744.02(A)(1) states in part: "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."  We note appellant does not appear to dispute appellees are political subdivisions, and therefore "the first tier in the analysis is established and a presumption of tort immunity arises." *Robinson v. Cleveland*, 2024-Ohio-969, ¶ 17 (8th Dist.).

{¶ 24} The second tier of the analysis involves consideration of the following exceptions to immunity set forth in R.C. 2744.02(B): "(1) negligent operation of a motor vehicle by employees when engaged in the scope of their employment; (2) an employee's negligence when performing a proprietary, not a governmental function; (3) negligent repairs and negligent failure to remove obstructions from a roadway; (4) negligence of an employee occurring within or on the grounds of building used in performance of governmental functions; and (5) civil liability expressly imposed on a political subdivision

by the revised code." *Carelli v. Canfield Local School Dist. Bd. of Edn.*, 2019-Ohio-1096, ¶ 17 (7th Dist.), citing R.C. 2744.02(B)(1) through (5).

{¶ 25} Appellant's sole argument regarding the immunity exceptions under R.C. 2744.02(B) is that the trial court erred in its analysis because, according to appellant, appellees were engaged in "proprietary functions." (Appellant's Brief at 9.) We disagree.

{¶ 26} As noted above, the Franklin County Treasurer qualifies as a political subdivision "engaged in governmental functions." *Marshall*, 2025-Ohio-1147, at ¶ 9 (10th Dist.). As also noted, under the provisions of R.C. 2744.01(C)(2)(x), a governmental function includes "[a] function that the general assembly mandates a political subdivision to perform." The allegations at issue here, pertaining to tax collection and the maintenance or reporting of tax lien certificates, fall squarely within the treasurer's statutory duties (*see, e.g.*, R.C. 323.13 and R.C. 5721.30 through 5721.43), and thus constitute governmental functions within the meaning of R.C. 2744.01.

{¶ 27} The remaining exceptions under R.C. 2744.02(B) are likewise inapplicable, as the complaint contains no allegations that would trigger liability under any of those provisions. Therefore, "[b]ecause no R.C. 2744.02(B) exception applies, 'the analysis ends,' and we do not reach the third tier of the analysis." *Marshall* at ¶ 10. Accordingly, because appellant has not alleged facts that would overcome appellees' entitlement to political subdivision immunity, we find no error in the trial court's alternative ground for granting appellees' motion to dismiss.

{¶ 28} Based upon the foregoing, appellant's first and second assignments of error are not well-taken and are overruled.

**IV. Conclusion**

{¶ 29} Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BOGGS, P.J., and DINGUS, J., concur.

———————————